# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 5, 2020

161394 & (27)(37)(38)

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

DEPARTMENT OF HEALTH AND
HUMAN SERVICES,
　　　　　　Plaintiff-Appellee,

v

KARL MANKE,
　　　　　　Defendant-Appellant.

SC: 161394
COA: 353607
Shiawassee CC: 20-004700-CZ

_____/

　　　　　On order of the Court, the motions for immediate consideration are GRANTED. The application for leave to appeal the May 28, 2020 order of the Court of Appeals is considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we VACATE the order of the Court of Appeals and the May 29, 2020 order of the Shiawassee Circuit Court, and we REMAND this case to the Court of Appeals for plenary consideration. The motion for stay is DENIED as moot.

　　　　　VIVIANO, J. (*concurring*).

　　　　　I agree with the Court's order remanding this case to the Court of Appeals for plenary consideration. I write separately to briefly highlight some of the issues that will need to be addressed on remand. First, it appears patently clear that two members of the Court of Appeals motion panel have no power to grant peremptory relief. See MCR 7.211(C)(4) ("The decision to grant a motion for peremptory reversal must be unanimous."). Doing so over Judge SWARTZLE's explicit objection (and without responding to it) is inexplicable.[1] In addition, the majority decided the important

---

[1] The order at issue also may be invalid for another reason: The Department of Health and Human Services (DHHS) did not file a motion requesting peremptory reversal, and the Court does not have the power to grant such relief sua sponte under the applicable court rule. See MCR 7.211(C)(4) ("The appellant may file a motion for peremptory reversal on the ground that reversible error is so manifest that an immediate reversal of the judgment or order appealed from should be granted without formal argument or

constitutional issues of first impression raised by defendant without plenary consideration, full briefing, oral argument, or an opportunity for amici curiae to file briefs. And it allowed the Department of Health and Human Services to argue these points as a basis for reversal even though the Department never responded to these arguments in the trial court. Finally, the Court of Appeals should address whether plaintiff's motion for a preliminary injunction is rendered moot now that the Governor has ordered that barbershops can open statewide on June 15, 2020.[2]

It is incumbent on the courts to ensure decisions are made according to the rule of law, not hysteria. Here, in addition to entering an order whose validity is highly suspect, the Court of Appeals majority took the extraordinary step of directing the trial court to take immediate action despite the fact that an application for leave had already been filed in our Court.[3] Typically, the filing of an application in our Court automatically "stays proceedings on remand unless the Court of Appeals or the Supreme Court orders

___

submission."). Cf. *Dawley v Hall*, 501 Mich 166 (2018) (holding that a rule allowing venue change based on a defendant's motion or the court's own initiative did not permit venue change based on a plaintiff's motion). In this case, although the "relief requested" section of its application did request an order summarily reversing the trial court, the DHHS never filed a motion for peremptory reversal under MCR 7.211(C)(4) (despite having previously filed a motion for immediate consideration under MCR 7.211(C)(6)).

[2] Today, the Governor signed an executive order allowing personal services businesses including barber shops to open statewide on June 15. See Executive Order No. 2020-115 (allowing the reopening of "hair salons . . . and similar establishments").

[3] Defendant's application was filed in our Court on May 28, 2020. The next day, on May 29, the Court of Appeals ordered the trial court to immediately enter a very specific preliminary injunction order ("The trial court is ORDERED to immediately sign and enter a preliminary injunction order . . . . The body of the preliminary injunction order entered by the trial court shall include *verbatim* the language of the proposed preliminary injunction order submitted by plaintiff-appellant. . . . We continue to retain jurisdiction to verify immediate entry of the preliminary injunction by the trial court."). *Dep't of Health and Human Servs v Manke*, unpublished order of the Court of Appeals, entered May 29, 2020 (Docket No. 353607). The same day, the trial court complied with this highly suspect directive by entering a preliminary injunction and indicating that "this Order will be enforced through the Court's general contempt powers. MCL 600.1711." And now, according to published news reports, the Attorney General filed a motion this week seeking to have defendant held in contempt for his failure to comply with the trial court's order. Acosta, MLive, *Owosso Barber Says he Won't be Bullied as Michigan AG's Office Files Motion to Find him in Contempt of Court* <https://www.mlive.com/news/flint/2020/06/owosso-barber-says-he-wont-be-bullied-as-michigan-ags-office-files-motion-to-find-him-in-contempt-of-court.html> (accessed June 4, 2020) [https://perma.cc/H29K-WBSB].

otherwise." MCR 7.305(C)(7)(a). Whether it did so wittingly or unwittingly, the Court of Appeals appears to have ordered this case to proceed despite the filing of an application in our Court when the Court of Appeals gave its May 29, 2020 order immediate effect.[4]

Courts decide legal questions that arise in the cases that come before us according to the rule of law. One hopes that this great principle—essential to any free society, including ours—will not itself become yet another casualty of COVID-19.[5]

---

[4] It is not clear to me whether MCR 7.305(C)(7) authorizes the Court of Appeals to lift the automatic stay once a case has reached our Court (or whether the Court of Appeals' order was sufficient to do so, since it did not even reference this rule).

[5] I am reminded of the famous exchange between Sir Thomas More and William Roper in *A Man for All Seasons*:

| | |
|---|---|
| ROPER | So now you'd give the Devil benefit of law! |
| MORE | Yes. What would you do? Cut a great road through the law to get after the Devil? |
| ROPER | I'd cut down every law in England to do that! |
| MORE | Oh? And when the last law was down, and the Devil turned round on you—where would you hide, Roper, the laws all being flat? This country's planted thick with laws from coast to coast—man's laws, not God's— and if you cut them down—and you're just the man to do it—d'you really think you could stand upright in the winds that would blow then? Yes, I'd give the Devil benefit of law, for my own safety's sake. [Bolt, *A Man for All Seasons* (New York: Vintage Books, 1995), p 66 (stage directions omitted).] |



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 5, 2020



Clerk

b0605